996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Timothy J. ZIOLKOWSKI, Plaintiff-Appellant,
v.
CATERPILLAR INCORPORATED, Defendant-Appellee.
 No. 92-3111.
 United States Court of Appeals, Seventh Circuit.
 Argued April 18, 1993.
Decided June 25, 1993.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Timothy Ziolkowski filed this suit against his former employer, Caterpillar, Inc., for breach of an oral employment agreement and for relief under the equitable doctrine of promissory estoppel. The district court granted summary judgment for Caterpillar on the grounds that the parties did not form an oral contract and that the plaintiff could not establish the elements of promissory estoppel. For the reasons that follow, we affirm.
 
 I.
 
 2
 Caterpillar, Inc., hired the plaintiff, Timothy Ziolkowski, as a college graduate trainee in January 1990. Many of Ziolkowski's assignments were in the patent department, which offers a legal education program to employees who will attend law school and return to the company. Ziolkowski had been accepted by the Marquette University Law School and was interested in attending there under the company's leave program. Although Caterpillar's general policy was that such educational leaves would not be granted in an employee's first year of employment, an employee could get approval from the executive office to take educational leave before putting in one year of service.
 
 
 3
 Ziolkowski approached Caterpillar vice chairman James Wogsland to request reconsideration of the company's initial denial of an educational leave. During a meeting on August 8, 1990, Wogsland asked if Ziolkowski was willing to commit to work three years for the company after he graduated from law school; Ziolkowski said yes. Wogsland was not aware of an arrangement to reimburse tuition, but said that if the patent department normally offered such reimbursement, Ziolkowski could work it out with that department. Wogsland told Ziolkowski he would have to reimburse the company for its expenses if he did not fulfill the three-year commitment. He closed the meeting by telling Ziolkowski to meet with Wayne Zimmerman, the vice president of human services, to work out the details of the leave.
 
 
 4
 After the meeting, Ziolkowski began negotiating the terms of the leave with Caterpillar's legal department. Ziolkowski admits that he and Zimmerman understood that the agreement would have to be put in writing. On August 10, Ziolkowski's last day of active employment at Caterpillar, Ziolkowski had an exit interview with Caterpillar representatives William Olson and May Waters at which he expressed concern about leaving without signing the document the legal department was preparing regarding the terms of his educational leave. Olson told him not to worry about it and that he and the company would undoubtedly go back and forth several times before settling the terms.
 
 
 5
 Ziolkowski and the company did in fact continue to negotiate and attempt to clarify the terms of the agreement. During the course of these negotiations, Ziolkowski questioned the salary arrangement upon his return and suggested that instead of merely "competitive salary" he be paid a salary equal to what he would make in the market, given his years of technical experience.[1] The company's reply in a letter dated October 16, 1990, acknowledged Ziolkowski's failure to agree to the proposed terms for the leave of absence, broke off negotiations and terminated his employment. Astonished, Ziolkowski requested reconsideration and asked for the opportunity to sign the agreement most recently drafted, but the company denied the request.
 
 
 6
 Ziolkowski filed suit in Milwaukee County Circuit Court in June 1991, alleging breach of oral contract and promissory estoppel. Caterpillar removed the action to federal court and subsequently moved for summary judgment on both issues. The district court granted summary judgment on both claims. Ziolkowski appeals.
 
 II.
 
 7
 This court reviews the district court's grant of summary judgment de novo. Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). We address separately the plaintiff's oral contract and promissory estoppel arguments.[2]
 
 Oral Contract
 
 8
 For an oral contract to exist, the parties must have had a meeting of the minds with respect to the terms of the agreement, and the parties must have intended to be bound to the oral agreement. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1407 (7th Cir.1991) (applying Illinois law). An agreement to agree does not create a binding obligation. Skycom Corp. v. Telstar Corp., 813 F.2d 810, 814 (7th Cir.1987) (citing Witt v. Realist, Inc., 18 Wis.2d 282, 298, 118 N.W.2d 85, 93-94 (1962). An oral contract cannot be binding and enforceable unless the basic contract terms and requirements are definite and certain. Witt, 18 Wis.2d at 297, 118 N.W.2d at 93; M.T. Bonk, 945 F.2d at 1407. The intent of the parties to an oral contract is generally a question of fact. It may become a question of law, however, "if the facts are undisputed and there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them." David Copperfield's Disappearing, Inc. v. Haddon Advertising Agency, Inc., 897 F.2d 288, 290 (7th Cir.1990).
 
 
 9
 According to Ziolkowski, he and Vice-Chairman Wogsland entered into an oral contract regarding his leave of absence when the two met on August 8, 1990. Ziolkowski further contends that his words and actions--such as the concern he expressed about not finalizing the agreement before he left his employment at Caterpillar--clearly manifested an intent to be bound by the oral agreement with Wogsland. Caterpillar's words and actions reflect the same intent to be bound, Ziolkowski claims; for example, company representatives congratulated him on obtaining his leave and company files showed him as being on educational leave.
 
 
 10
 Notwithstanding how Ziolkowski perceives of the agreement, the parties do not disagree on what was said during Ziolkowski's meeting with Wogsland; they only characterize the resulting understanding differently. The substance of the conversation makes clear, however, that the two men did not even discuss several fundamental terms of the educational leave arrangement--including summer employment, method of tuition reimbursement, details of medical reimbursement and, most notably, Ziolkowski's compensation during summers and upon his return after completing law school. Thus, the district court was entitled to conclude as a matter of law that there was no meeting of the minds on essential elements of the agreement.
 
 
 11
 Even if the parties did agree on all fundamental terms, it is beyond dispute that they did not intend to be bound to the oral agreement. Ziolkowski essentially concedes that the parties clearly intended the agreement to be in writing. Until they settled on written terms, then, they only had an agreement to agree, not a valid oral contract. See Skycom Corp., 813 F.2d at 814; Witt, 18 Wis.2d at 298, 118 N.W.2d at 93-94. On the undisputed facts, Ziolkowski cannot prove the essential elements of an oral contract. The district court was therefore justified in granting summary judgment on the oral contract issue.
 
 Promissory Estoppel
 
 12
 Our review of the district court's grant of summary judgment on the promissory estoppel claim is more difficult than on the oral contract issue. The plaintiff argues that he justifiably relied on Caterpillar's promises and changed his position to his detriment by moving to Wisconsin to attend Marquette Law School. To prevail on such a theory, the plaintiff must prove that (1) there was a promise that the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise induced such action or forbearance and (3) injustice can be avoided only by enforcement of the promise. Hoffman v. Red Owl Stores, Inc., 26 Wis.2d 683, 698, 133 N.W.2d 267, 275 (1965).
 
 
 13
 The promissory estoppel analysis is inherently fact-based and therefore more difficult to dispose of on a summary judgment motion. The district court nevertheless concluded that even assuming that a promise was made, Ziolkowski's reliance on the deal was unreasonable before a more detailed, formal written contract was executed. The court also concluded the Ziolkowski has not shown that he suffered from acting in reliance.
 
 
 14
 Ziolkowski may have been reasonable in expecting that the whole arrangement would ultimately work out, but he also knew, or at least should have known, that that expectation would not become a certainty until the agreement was finalized formally. Throughout, in his discussions with Caterpillar representatives, it was always clear that a formal written document setting out specific terms was intended to embody the more general agreement he and Wogsland discussed. Because this understanding was so clear, any reliance Ziolkowski had upon his conversation with Wogsland was not reasonable.
 
 
 15
 Although we can imagine scenarios in which employees in Ziolkowski's situation might be led to reasonably rely on such a promise, Ziolkowski does not present evidence supporting such a scenario in his case. Ziolkowski's predicament is unfortunate and his situation deserving of sympathy. Nevertheless, the requirement of written terms that both parties clearly understood necessarily conditions any reasonable expectations Ziolkowski may have had when he decided to leave Caterpillar for law school.
 
 
 16
 Because the undisputed facts convince us that Ziolkowski cannot as a matter of law establish at least one element of promissory estoppel--that the promisor should reasonably expect the promise to induce action or forbearance--the district court's grant of summary judgment on the promissory estoppel issue was not error.
 
 III.
 
 17
 The district court did not err in granting summary judgment on either the oral contract or promissory estoppel claims that the plaintiff raises. For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Caterpillar first sent Ziolkowski a proposed written contract setting forth the terms of the leave on August 17, 1990. Ziolkowski signed it, but appended a letter clarifying that he would not have to reimburse the company for his tuition if the company failed to offer him full-time employment in the patent department at a competitive salary. In a letter dated October 1, 1990, Caterpillar accepted part of the modification, but clarified the term "competitive salary" to mean within the existing salary range of entry level attorneys in the patent department at the time Ziolkowski completes law school. Ziolkowski responded on October 6, expressing his disagreement with that definition and proposing instead that "competitive salary" means a fair salary that would closely match that which he would receive in the marketplace
 
 
 [2]
 The district court's jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332(a). Ziolkowski is a resident of Wisconsin and Caterpillar is a Delaware corporation with its principal place of business in Illinois; Ziolkowski's claim also exceeds $50,000. Although the plaintiff raises a choice of law question, we agree with the district court that because neither party has identified an outcome determinative conflict between Illinois and Wisconsin law, the court was not required to resolve the conflict. Decision and Order at 31-32 (citing International Administrators, Inc. v. Life Ins. Co. of N. America, 753 F.2d 1373, 1376 n. 4 (7th Cir.1985)). Therefore the court did not err in applying Wisconsin law, the law of the forum